Joshua Lauren ENGLISH, Appellant

v.

The STATE of Texas, Appellee.

Nos. 14–04–00053–CR, 14–04–00054–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 11, 2005.

Cynthia Russell Henley, Houston, TX, for appellant.

Amanda Joy Peters, Houston, TX, for appellee.

Panel consists of Justices YATES, ANDERSON, and HUDSON.

## OPINION

LESLIE BROCK YATES, Justice.

Appellant Joshua Lauren English was convicted of aggravated assault and crimi- nal mischief. In six issues, appellant ar- gues the evidence is legally insufficient to support the deadly weapon element of ag- gravated assault, the evidence is legally and factually insufficient to support a con- viction for criminal mischief with a pecuni- ary loss of at least $1,500, the trial court erred by not giving a lesser-included-of- fense instruction, and the trial court erred in overruling his motion for mistrial. We affirm in part and reverse in part.

## BACKGROUND

Christopher Eugene Green was driving home after work and observed a black Cadillac drive up quickly behind him. Ap- pellant got out of the Cadillac yelling and pointing at Green. He then hit Green's door twice with his fist, denting the door. Green got out of his truck, and he and appellant fought. Appellant struck Green on the side of his head, and Green then struck appellant in the face. Appellant returned to his car, and Green left in his truck.

An erratic car chase ensued, and Green was able to temporarily elude appellant. Green stopped and got out of his car to talk to a witness, Shane Mudd. At that time, appellant reappeared. Appellant stopped his car and walked toward Green with an aluminum baseball bat. Green held up a metal steering wheel lock in defense, and appellant walked back to his car. At that time, a truck containing six of appellant's friends drove up, and appellant returned with his bat. Green tried to shut himself in his truck; however, appellant began striking Green on his arms and legs with the bat before Green could get away. Appellant also struck Green's truck with the bat, breaking a light and denting the hood and fender. Before walking away, appellant swung the bat and hit Green in the forehead. Green suffered bruises,

swelling, a concussion, and a laceration requiring stitches in his head. A jury sentenced appellant to four years' imprisonment for aggravated assault, and the trial judge sentenced appellant to fifteen months in a state jail facility for criminal mischief. This appeal followed.

### SUFFICIENCY OF THE EVIDENCE

#### *Deadly Weapon Finding*

 In his first issue in the aggravated assault appeal, appellant argues that the evidence is legally insufficient to support the jury's conclusion that the baseball bat was used as a deadly weapon. In evaluating a legal-sufficiency claim, the reviewing court views the evidence in the light most favorable to the verdict. *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim.App.2000). Rather than asking whether we believe the evidence at trial established guilt beyond a reasonable doubt, we determine only whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Wesbrook*, 29 S.W.3d at 111.

 The Texas Penal Code defines a "deadly weapon" as "anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury" or anything that could be used or is intended to be used to cause the same. TEX. PENAL CODE ANN. § 1.07(a)(17) (Vernon Supp.2004–2005). A baseball bat is not a deadly weapon per se because it is not made for the purpose of inflicting death or serious bodily injury, although it may be classified as such when used in a manner capable of inflicting death or serious bodily injury. *See In re S.B.*, 117 S.W.3d 443, 446 (Tex.App.-Fort Worth 2003, no pet.); *B.I. v. State*, No. 14–98–00697–CR, 1999 WL 718044, at *1 (Tex.

App.-Houston [14th Dist.] Sept. 16, 1999, no pet.) (not designated for publication).

Appellant contends that because he used the bat in the manner he intended, to strike but not to kill or seriously injure, and because his use did not cause death or serious bodily injury, the evidence is legally insufficient to support a finding that the bat was used as a deadly weapon. However, in *Parrish v. State*, 647 S.W.2d 8, 11 (Tex.App.-Houston [14th Dist.] 1982, no pet.), this court explained that while the wounds inflicted can be considered, it is not necessary that the weapon inflict any injury before it is declared a deadly weapon. Furthermore, in *Bailey v. State*, 38 S.W.3d 157, 158–59 (Tex.Crim.App.2001), the Court of Criminal Appeals explained that the plain language of the Texas Penal Code does not require that the actor intend death or serious bodily injury, only that the actor intends to use the object in a manner that renders it capable of causing death or serious bodily injury.

Here, appellant swung the aluminum baseball bat at Green's head using two hands and full force. The resulting blow caused pain, a large gash requiring seven stitches, a scar, bruising, swelling, and a concussion. Green also testified that he was extremely afraid and that appellant told Green he intended to kill him. This evidence is sufficient to support a conclusion by a rational finder of fact that the baseball bat as used by appellant was capable of causing death or serious bodily injury and thus was a deadly weapon. Appellant's first issue in the aggravated assault appeal is overruled.

#### *Criminal Mischief*

 In his first issue in the criminal mischief appeal, appellant asserts the evidence is legally insufficient to allow a rational trier of fact to find that the damage

to Green's car inflicted by the bat totaled $1,500 or more but less than $20,000. A person commits the offense of criminal mischief if, without the effective consent of the owner, he intentionally or knowingly damages or destroys the tangible property of the owner. TEX. PENAL CODE ANN. § 28.03(a) (Vernon Supp.2004–2005). The amount of pecuniary loss determines the punishment range for the offense. *See id.* § 28.03(b). If the property is damaged, the amount of pecuniary damage will be "the cost of repairing or restoring the damaged property within a reasonable time after the damage occurred." *Id.* § 28.06(b) (Vernon 2003). If the amount of pecuniary loss is $1,500 or more but less than $20,000, the offense is a state jail felony. *Id.* § 28.03(b)(4)(A) (Vernon Supp. 2004–2005). If the pecuniary loss is $50 or more but less than $500, the offense is a class B misdemeanor. *Id.* § 28.03(b)(2). The damaged property need not be repaired. *Elomary v. State*, 796 S.W.2d 191, 193 (Tex.Crim.App.1990). However, "an estimate of damage or an opinion on the amount of damage without further evidence is insufficient to prove the cost of repair." *Sebree v. State*, 695 S.W.2d 303, 305 (Tex.App.-Houston [1st Dist.] 1985, no pet.).

Appellant argues the repair estimate was legally insufficient to sustain the verdict on the total amount of damage caused by appellant's baseball bat because the amount of the estimate was not verified by an expert. At trial, the State introduced an estimate from Fred Haas Toyota, which estimated the damage to Green's truck to be $2,134.41. Green testified that he took the truck to that same dealership and paid $50 of the amount himself, with the insurance company paying the balance. However, Green also admitted that he did not know how much the insurance company actually paid for the repair work. The State did not use expert testimony to verify the estimated amount of pecuniary damage or show evidence of a final cost.

■ A complainant's testimony regarding an estimate of the damage, without more, will not be sufficient to establish the cost of repair in a criminal mischief case. *Sebree*, 695 S.W.2d at 305. However, an insurance adjuster's expert testimony concerning an estimate is enough to establish the fair market value of the repair cost to satisfy section 28.06(b). *Elomary*, 796 S.W.2d at 194. Also, if the complainant is qualified as an expert, the complainant's testimony regarding an estimate can establish the cost of repair under section 28.06(b). *Crowder v. State*, 14–94–00396–CR, 1996 WL 255880, at *2–3 (Tex. App.-Houston [14th Dist.] May 16, 1996, pet. ref'd) (not designated for publication).

In this case, the record does not reveal Green has expertise that would qualify him to estimate the amount of damage to his car, nor does the State claim Green has such knowledge. Green's knowledge of the cost of repair came only from what he saw on the estimate. Therefore, the estimate from Fred Haas Toyota is insufficient to establish that the damage was equal to or greater than $1,500. Appellant's first issue in the criminal mischief appeal is sustained.

■ A court of appeals may reform a judgment of conviction to reflect conviction of a lesser included offense if (1) the court finds that the evidence is insufficient to support conviction of the charged offense but sufficient to support conviction of the lesser included offense and (2) either the jury was instructed on the lesser included offense or one of the parties asked for but was denied such an instruction. *Collier v. State*, 999 S.W.2d 779, 782 (Tex. Crim.App.1999). Appellant asked for and

was denied an instruction on the lesser included offense of criminal mischief with a pecuniary loss between $50 and $500. Green testified that he paid a $50 insurance deductible in order to have his truck repaired; thus, the evidence is sufficient to support a conviction for criminal mischief in the amount of $50 but less than $500. Accordingly, we reform appellant's judgment of conviction for felony criminal mischief to class B misdemeanor criminal mischief.[1]

In appellant's second issue in the criminal mischief appeal, appellant argues that the evidence is factually insufficient to support his conviction for criminal mischief as a state jail felony but concedes it is sufficient to support his conviction as a class B misdemeanor. Because we have already concluded the evidence is legally insufficient to support appellant's conviction for criminal mischief with a pecuniary loss of at least $1,500 and because appellant concedes that the evidence is factually sufficient to support a conviction for criminal mischief with a pecuniary loss of at least $50, we need not address appellant's second issue in the criminal mischief appeal.

### Ruling on Mistrial

■ In his second issue of the aggravated assault appeal and the fourth issue of the criminal mischief appeal, appellant contends that the trial court erred by not granting a mistrial based on a comment made by a venireperson during jury selection.

During voir dire, the trial court questioned venireperson Ricardo Gamez, who stated he could not be a fair juror because of some past personal experience "and also possibly I have handled [appellant]." The trial court stated they would discuss the fact that Gamez had "worked with" appellant later at the bench and then continued with the selection process. No objection was made at that time by appellant, and appellant made no request for a conference outside the jury's hearing. At the completion of voir dire, the trial court interviewed Gamez at a bench conference outside the hearing of the panel. Gamez revealed he was a Harris County Sheriff's Deputy who worked at a jail, and he believed he had "handled" the appellant while he was in jail. The judge dismissed Gamez. Appellant then moved for a mistrial. The trial court noted that it thought the motion was untimely. Appellant's counsel stated that he had not objected at the time Gamez made the statement because he wanted to avoid tainting the jury further. The court ultimately overruled the objection and gave a curative instruction to the remaining jurors saying they should disregard Gamez's comment.

Appellant contends both that his objection was timely because it was made before the end of jury selection and that even had the objection been made immediately after Gamez's statement, the effect on the panel would not have been different. To preserve a complaint for appellate review, there must have been a timely request, objection, or motion at trial. Tex.R.App. P. 33.1(a). In *Nelson v. State,* 661 S.W.2d

---

1. Because we sustain appellant's first issue in the criminal mischief appeal and reform the judgment to reflect a conviction for class B misdemeanor criminal mischief, we need not address appellant's third issue in the criminal mischief appeal in which he alleges that the trial court erred in not including a lesser-included-offense instruction. For the same reasons, we also need not address appellant's argument that the evidence is legally insufficient to prove that over $1,500 of damage was caused solely by the bat—as stated in the jury charge—when some of the damage to Green's vehicle was caused by appellant's fists. Appellant does not argue that the evidence is legally insufficient to sustain a conviction for criminal mischief with a pecuniary loss of $50 or more.

122, 124 (Tex.Crim.App.1983), the appellant made a motion for both a mistrial and curative statement to rectify comments made by the trial judge during voir dire. However, the appellant waited until the court recessed into chambers before objecting. *Id.* Though voir dire was still ongoing, the Court of Criminal Appeals found the objection had been waived. *Id.*

In this case, the comment by Gamez was made very early during voir dire, before either the State or defense had even begun their questioning. However, the objection was not made until after the entire voir dire proceedings had concluded. Therefore, as in *Nelson,* the objection in this case was waived.

Furthermore, we review a trial court's overruling of a motion for mistrial under an abuse-of-discretion standard, and we must uphold that ruling if it is within the zone of reasonable disagreement. *Wead v. State,* 129 S.W.3d 126, 129 (Tex. Crim.App.2004). Even if appellant had preserved this issue for review, any harm arising out of Gamez's comment was cured by the trial court's instruction to disregard. *See Simpson v. State,* 119 S.W.3d 262, 272 (Tex.Crim.App.2003). Accordingly, the trial court did not abuse its discretion in overruling appellant's motion for mistrial. Appellant's second issue in the aggravated assault appeal and fourth issue in the criminal mischief appeal are overruled.

### Conclusion

We affirm the judgment of the trial court for appellant's aggravated assault conviction. We reform the trial court's judgment for felony criminal mischief to the lesser included offense of class B misdemeanor criminal mischief and remand the criminal mischief case to the trial court for a new hearing on punishment.