NO. 07-06-0034-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JUNE 1, 2006
_____

JEFFREY BRINSON,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 100TH DISTRICT COURT OF COLLINGSWORTH COUNTY;

NO. 2553; HON. DAVID MCCOY, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Jeffrey Brinson was convicted of aggravated assault with a deadly weapon. He argues on appeal that the evidence is legally and factually insufficient to show that the pavement against which he struck the victim's head was a deadly weapon. We overrule the issue and affirm the judgment of the trial court.

The standards by which we review the legal and factual sufficiency of the evidence are well established. We refer the parties to *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct.

2781, 61 L.Ed.2d 560 (1979), *Zuniga v. State,* 144 S.W.3d 477 (Tex. Crim. App. 2004), *Zuliani v. State,* 97 S.W.3d 589 (Tex. Crim. App. 2003), and *King v. State,* 29 S.W.3d 556 (Tex. Crim. App. 2000) for an explanation of them.

Next, when a person is charged with using a deadly weapon, the evidence must establish that the instrument used was actually deadly. *Lockett v. State,* 874 S.W.2d 810, 814 (Tex. App.–Dallas 1994, pet. ref'd). Furthermore, the Penal Code defines a "deadly weapon" as "anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or . . . anything that in the manner of its use or intended use is capable of causing death or serious bodily injury . . . . " Tex. Pen. Code Ann. §1.07(a)(17)(A) & (B) (Vernon Supp. 2005). While asphalt pavement may not be a deadly weapon *per se*, it may be shown to be so via evidence of its manner of use or intended use and its capacity to produce death or serious bodily injury. Additionally, evidence of threats or words used by the assailant may be considered. *Nash v. State,* 175 S.W.3d 427, 430 (Tex. App.–Texarkana 2005, pet. ref'd); *Bailey v. State,* 46 S.W.3d 487, 491 (Tex. App.–Corpus Christi 2001, pet. ref'd). Finally, while expert testimony regarding the deadly nature of an object may be offered, it is not required. *English v. State,* 647 S.W.2d 667, 668-69 (Tex. Crim. App. 1983).

Appellant argues that the evidence is insufficient because it does not show injury or that the use of the pavement could have caused death or serious bodily injury.[1] We initially note that the weapon need not actually cause death or serious bodily injury to be

---

[1]The indictment also alleged that bodily injury was caused by appellant choking the victim and that he used a deadly weapon to do so, namely his hands. Appellant does not contest whether his hands were used as a deadly weapon.

2

classified as deadly. It is enough simply to show that its use or intended use had the capability of causing same. *English v. State,* 171 S.W.3d 625, 628 (Tex. App.–Houston [14th Dist.] 2005, no pet.). Additionally, the record shows that 1) appellant had choked the victim with his hands to such a degree that she could not breathe, 2) appellant then threw her on the ground, climbed atop her, put his hands on her ears, and slammed her head into the pavement, 3) while doing so, he told her he was going to kill her and she believed that he would, and 4) she had bruises and a knot on her head and was diagnosed with a concussion as a result of the incident. This is some evidence from which a jury could have rationally concluded beyond reasonable doubt that the pavement (as used by appellant) was capable of causing serious bodily injury or death, and such a conclusion would not undermine our confidence in the proceeding when tested against the entire record. *See English v. State,* 171 S.W.3d at 628 (holding that the evidence was sufficient to show that an aluminum baseball bat was used as a deadly weapon when it was swung with full force at the victim's head causing pain, a gash, bruising, swelling, and a concussion, the victim was extremely afraid, and the defendant told the victim he intended to kill him).

Consequently, we affirm the judgment of the trial court.


Brian Quinn
Chief Justice


Do not publish.


3