

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-08-00225-CR

_____

BARBARA HOLZ, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 115th Judicial District Court
Marion County, Texas
Trial Court No. F13917

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion on Remand by Justice Moseley

MEMORANDUM OPINION ON REMAND

Barbara Holz appealed her misdemeanor criminal mischief conviction for damage to John T. Lawrence's manufactured home caused by Holz's conduct in allowing her dog to defecate and urinate on the carpet of the manufactured home.[1]  Holz alleged, *inter alia*, that the evidence was neither legally sufficient nor factually sufficient to support the judgment.  In this opinion on remand, we decide that the evidence for amount of pecuniary loss suffered by Lawrence was legally insufficient to sustain Holz's conviction.[2]  Accordingly, we reverse Holz's conviction and render a judgment of acquittal in this cause.

## I.  Legal Sufficiency Standard of Review

Although Holz raised a factual sufficiency challenge on appeal, in the very recent case of *Brooks v. State*, a plurality of the Texas Court of Criminal Appeals abolished the factual sufficiency review established by *Clewis v. State*[3] and its progeny.  No. PD-0210-09, 2010 WL 3894613, at **1, 14 (Tex. Crim. App. Oct. 6, 2010) (4-1-4 decision).  The plurality and a

---

[1]This case is a companion to a third-degree felony charge brought against Holz and tried simultaneously with this matter in our cause number 06-08-00224-CR, the other case involving a house across the street from Lawrence's property (which, although she maintained her residence there, belonged to the United States Department of Agriculture).  In the companion case, Holz had kept some eighty-six dogs in and on the premises with damage occasioned to the floors of the house by reason of the animals' waste.  Since most of the evidence in that case is not relevant here and is mentioned here only to show the relation of the two cases, we do not reiterate it.

[2]In our previous opinion, we stated that unless a complainant is an expert, "an estimate of damage or an opinion on the amount of damage *without further evidence* is insufficient to prove the cost of repairs."  *Elomary v. State*, 796 S.W.2d 191, 192–93 (Tex. Crim. App. 1990); *English v. State*, 171 S.W.3d 625, 629 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (citing *Sebree v. State*, 695 S.W.2d 303, 305 (Tex. App.—Houston [1st Dist.] 1985, no pet.)).  The Texas Court of Criminal Appeals has clarified that presentation of expert testimony is not required when proving cost of repairs.  *Holz v. State*, 320 S.W.3d 344, 352 (Tex. Crim. App. 2010).

[3]922 S.W.2d 126 (Tex. Crim. App. 1996).

concurring justice agreed that "the *Jackson v. Virginia* legal-sufficiency standard is the *only* standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *Id*. (emphasis added). Due to the Texas Court of Criminal Appeals' abolishment of factual sufficiency review, we do not address Holz's challenge to the factual sufficiency of the evidence.

In evaluating Holz's legal sufficiency challenge, we review all of the evidence in the light most favorable to the verdict and determine whether any rational jury could find the essential elements of the offense (here, pecuniary loss of at least $500.00) beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Sanders v. State*, 119 S.W.3d 818, 820 (Tex. Crim. App. 2003); *Hartsfield v. State*, 305 S.W.3d 859, 862 (Tex. App.—Texarkana 2010, pet. ref'd). Based on the *Brooks* plurality's description of the new application of legal sufficiency review under *Jackson* as "rigorous" and its statement that the use by reviewing courts of the factual sufficiency standard in tandem with the legal sufficiency standard may have "skewed" its proper application, it appears that the court is attempting to refocus the application of the legal sufficiency standard from the quantity to the quality of the evidence presented. 2010 WL 3894613, at *17 (Cochran, J., concurring). We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate

3

facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19). If we determine that the evidence is legally insufficient to sustain a conviction, the proper remedy is to reverse the case and order acquittal. *See Tibbs v. Florida*, 457 U.S. 31, 41–42 (1982); *Taylor v. State*, 626 S.W.2d 543, 545–46 (Tex. App.—Texarkana 1981, pet. ref'd).

We measure the evidence "by the elements of the offense as defined by the hypothetically correct jury charge for the case."[4] *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically-correct jury charge "sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*

## II. Analysis

A person commits criminal mischief if he, without the effective consent of the owner, intentionally or knowingly damages or destroys the tangible property of the owner.[5] TEX. PENAL CODE ANN. § 28.03 (Vernon Supp. 2010). The pecuniary loss resulting from the criminal mischief determines the grade of the offense. TEX. PENAL CODE ANN. § 28.03(b); *see Lackey v. State*, 290 S.W.3d 912, 918 (Tex. App.—Texarkana 2009, pet. ref'd). Thus, criminal mischief also includes, as a crucial element, the value of pecuniary loss. *Lackey*, 290 S.W.3d at 918 (citing

---

[4]*Malik* controls "*even in the absence of alleged jury charge error.*" *Gollihar v. State*, 46 S.W.3d 243, 255 (Tex. Crim. App. 2001).

[5]As to the underlying charge here, there was some uncertainty as to the degree of permission which Holz had received from Lawrence regarding permission to even enter the Lawrence manufactured home (which had been occupied by Lawrence's relative before the relative's death and then remained vacant). However, Holz acknowledged ownership of the dog found in the manufactured home.

*Elomary v. State*, 796 S.W.2d 191, 192–93 (Tex. Crim. App. 1990)); *Barnes v. State*, 248 S.W.3d 217, 220 (Tex. App.—Houston [1st Dist.] 2007, pet. struck). Here, a jury determined pecuniary loss equaled or exceeded $500.00, making the criminal mischief a class A misdemeanor. The jury assessed punishment to Holz for thirty days' confinement and six months of community supervision.

The indictment and jury charge in this case would allow a jury to convict Holz either if she damaged the manufactured home or if she destroyed it. At trial, the State elected to proceed on the theory that Holz had damaged, rather than destroyed, the mobile home.[6] If property is damaged, pecuniary loss is determined by the cost of repairing or restoring the damaged property within a reasonable time. TEX. PENAL CODE ANN. § 28.06(b) (Vernon 2003).

Shawn Cox, an investigator for the Marion County Sheriff's Office, and Christopher West, an investigator for the Society for the Prevention of Cruelty to Animals, described the condition of the mobile home. *Holz*, 320 S.W.3d at 345. West testified that there were approximately ten piles of feces in the mobile home and that the smell of urine was present. He recalled only 100 square feet of carpet in the home.

---

[6]If the property alleged in the indictment is destroyed, the amount of pecuniary loss is either the fair market value of the property at the time and place of destruction or, if fair market value cannot be ascertained, the cost of replacing the property within a reasonable time after destruction. TEX. PENAL CODE ANN. § 28.06(a) (Vernon 2003). There is no reference in the record alleging the manufactured home was destroyed by virtue of the carpet's condition. The jury charge defined the term "pecuniary loss" to mean the cost of repairing or restoring the damaged property within a reasonable time after damage occurred, evidencing the State's recognition that the manufactured home was damaged, rather than destroyed.

At trial, Lawrence was the State's source of testimony regarding the amount of loss suffered by him due to the canine waste deposited on the floors. There were several rooms, including the kitchen and bathroom, that were not carpeted. Although Lawrence claimed the entire carpeted area in the home was "ruined," he had testified previously that the carpet had sustained water damage before the damage caused by the animal feces, and failed to clarify that the dog's waste had damaged all three carpeted rooms. Even though the entire mobile home was "12 by 65" (780 square feet) in size, Lawrence stated he had "called Holloway Carpet in Marshall and just told them it was a 12-by-65 mobile home . . . [and that] it was two bedroom and living room that need to be replaced." Upon cross-examination, he also stated that he provided the carpet company twelve feet by fourteen feet as the dimensions of each of the three rooms, leading to a total carpeted square footage of 504 feet. Lawrence testified the estimate he received was to replace (not repair) the carpet and pad at a cost of $2,100.00. There was no indication of how many square feet of carpet were included in the estimate, no indication of the price of the carpet versus the pad, and no testimony that the carpet pad required replacement. There was further no evidence provided as to the quality of the carpet which was damaged, as compared with the quality of the carpet proposed to be used to replace it. Lawrence did not contact anyone to determine whether the damage to the carpet could be remedied by cleaning.

"[A]n estimate of damage or an opinion on the amount of damage *without further evidence* is insufficient to prove the cost of repairs as required by sec. 28.06(b) of the Texas Penal Code."

*Elomary*, 796 S.W.2d at 193. Lawrence concluded, without evidence, that the living room and two bedrooms had carpet that needed to be replaced. He also rendered an opinion that the carpet pad was damaged by including it in the estimate to replace it. The Texas Court of Criminal Appeals, citing *Elomary*, explained that "an unsupported lay opinion as to *damage*, without more, will be insufficient to prove *cost of repair*." *Holz*, 320 S.W.3d at 350. Here, Lawrence claimed that he had received a cost estimate to replace the carpet, without determining whether it could be otherwise repaired or cleaned. While he claimed the carpet was ruined, Lawrence did not clarify whether the price of the estimate was necessary due to Holz's actions as distinguished from previous damage. *Id.* at 352 n.52 (quoting *Athey v. State*, 697 S.W.2d 818, 821 (Tex. App.—Dallas 1985, no writ) ("[T]he State has a burden 'to show that the repairs . . . were a necessary result of defendant's acts, rather than a result of previous damage.'"). Referring to *Sebree v. State*, 695 S.W.2d 303 (Tex. App.—Houston [1st Dist.] 1985, no pet.), the Texas Court of Criminal Appeals further stated:

> Although it is possible that evidence could show that damages and costs of repair are synonymous in certain circumstances, we are of the opinion that in the instant case the State has failed to prove that the two terms are synonymous. The evidence adduced by the state [*sic*] failed to connect the estimate of damages in any manner with the cost of repair.

*Holz*, 320 S.W.3d at 349. We find the same has occurred in the instant case.

We hold that Lawrence's testimony was legally insufficient to establish that the amount of pecuniary loss suffered by him exceeded $500.00. Thus, we reverse the judgment as to Holz's

7

conviction and render an acquittal in this cause number. *Deas v. State*, 752 S.W.2d 573, 576 (Tex. Crim. App. 1988) (citing *Burks v. United States*, 437 U.S. 1 (1978)). Accordingly, we need not address Holz's remaining points of error.

## III. Conclusion

We reverse the judgment of Holz's conviction and render acquittal in this cause.[7]

Bailey C. Moseley
Justice

Date Submitted: October 20, 2010
Date Decided: November 4, 2010

Do Not Publish

---

[7]We distinguish this case from our opinion in *Lackey*. Lackey was convicted of criminal mischief for puncturing tires by throwing roof nails on the roadway. The jury found pecuniary loss in excess of $1,500.00. *Lackey*, 290 S.W.3d at 918. We found the evidence was insufficient to find this amount of pecuniary loss. *Id*. at 920. However, the jury in *Lackey* was presented with a lesser-included offense of criminal mischief where pecuniary loss was more than $50.00, but less than $500.00 dollars. *Id.* Because we found the evidence supported the lesser-included offense, we were able to simply reform the judgment to reflect conviction of a class B misdemeanor and remand the case to the trial court. *Id.* This option is not available in the present case since neither party requested, and the jury was not presented with, such a lesser-included offense charge.