

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. PD-0854-13

**BRIAN CAMPBELL, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE EIGHTH COURT OF APPEALS TARRANT COUNTY

HERVEY, J., delivered the opinion of the Court in which KELLER, P.J., MEYERS, PRICE, WOMACK, KEASLER, COCHRAN, and ALCALA, JJ., joined. JOHNSON, J., concurred.

## O P I N I O N

Brian Campbell, Appellant, was charged with arson and criminal mischief with pecuniary loss in excess of $200,000 for burning down an Arby's restaurant. *See* TEX. PENAL CODE §§ 28.02 (arson), 28.03(b)(7) (criminal mischief causing pecuniary loss of $200,000 or more). Appellant was convicted of both offenses and sentenced to ten years'

confinement on each count. On appeal, Appellant alleged that the evidence was legally insufficient to support his conviction for criminal mischief. The court of appeals agreed and rendered a judgment of acquittal as to Appellant's criminal-mischief conviction, but it affirmed his conviction for arson. *See Campbell v. State*, No. 08-11-00159-CR, 2013 WL 2146444, at *2 (Tex. App.—El Paso May 15, 2013) (not designated for publication).[1] The State sought, and this Court granted, discretionary review of the following two issues: (1) "Is the amount of money an owner received from an insurance claim for destroyed or damaged property sufficient to prove pecuniary loss[,]" and (2) "Is an owner's testimony that it would cost him $1,000,000 to replace an Arby's restaurant sufficient to prove the cost of replacement of the property?" We will reverse the judgment of the court of appeals and reinstate the judgment of the trial court.

## I. FACTS & PROCEDURAL HISTORY

Appellant and Jason Rogers were friends who worked on-and-off at an Arby's restaurant in Haltom City. The night of March 28, 2009, Rogers and Appellant went to a bowling alley to drink alcoholic drinks and play pool. They met up with two other friends, and the foursome went to two other bars that night. Appellant and Rogers left the last bar together "prior to closing time," which was 3:00 a.m. After leaving the bar, Appellant and Rogers stopped at a gas station to fill a milk jug with gasoline. Rogers testified that while

---

[1]The trial took place in Tarrant County, and an appeal was filed at the Fort Worth Court of Appeals. However, pursuant to the Texas Government Code, this case was transferred to the El Paso Court of Appeals. *See* TEX. GOV'T CODE § 73.001.

driving from the final bar to the gas station, he and Appellant spoke about "burning something." After leaving the gas station, the pair drove to a different store located directly behind the Arby's at which Appellant still worked but Rogers did not. Rogers testified that it was common knowledge amongst Arby's employees that the roof could be accessed and often was, although only for recreational purposes. He also testified that Appellant walked to the back of the Arby's building, placed the milk jug full of gasoline on top of the Arby's freezer, and climbed the exterior of the building to reach the roof. However, as a result of Rogers's weight and state of intoxication, he testified that he was unable to follow Appellant. Rogers went on to state that Appellant was gone for approximately five minutes before returning to the vehicle, and when he returned, Appellant told Rogers, "Just go." The pair drove away, but they turned around and drove by the Arby's restaurant "[t]o see if it was really on fire[,]" which it was.

Appellant was charged with, and convicted of, arson and criminal mischief with pecuniary loss over $200,000. With respect to the criminal-mischief charge, the indictment against Appellant alleged that he "intentionally or knowingly damage[d] or destroy[ed] tangible property[,]" and that the damage or destruction "did thereby cause pecuniary loss of more than $200,000." At trial, the owner of the building and property, Bob Bollinger, testified that the property was insured, and that the insurance company considered the total loss of the property to be "somewhere around $400,000," which covered damage to the building. Bollinger stated that he had considered rebuilding the

property for Arby's or another fast-food restaurant, but the cost to do so was approximately $1,000,000, and Arby's concluded that it was too risky an investment at that location. Bollinger tried to get another tenant for the site, but after two years, he still had not found one. The State attempted to present additional testimony regarding pecuniary loss from the Haltom City fire marshal, but the trial court sustained Appellant's objection to that testimony on the ground that the fire marshal was not qualified to render an opinion on the financial value of the property loss. The jury found Appellant guilty of both crimes. On appeal, Appellant challenged only his conviction for criminal mischief, and he argued that the evidence was legally insufficient to prove pecuniary loss over $200,000. The court of appeals agreed finding that "[n]o evidence was presented in support of [the property owner's] testimony. No evidence was presented regarding the fair market value of the property or the cost of replacing the property if destroyed, or regarding the cost of repairing or restoring the damaged property." *Campbell*, 2013 WL 2146444, at *1; *see* TEX. PENAL CODE §§ 28.03(a), 28.06; *Holz v. State*, 320 S.W.3d 344, 345, 349 (Tex. Crim. App. 2010). The court of appeals reasoned that, although "[t]he State is not required to present expert testimony at trial to prove the cost of repair, . . . an unsupported lay opinion as to damage, without more, is insufficient to prove the cost of repair in a criminal mischief trial." *Campbell*, 2013 WL 2146444, at *1. Despite the court of appeals's judgment rendering an acquittal on the criminal-mischief charge, Appellant was still required to discharge his sentence for his arson conviction. *See id.* The State's

petition for discretionary review challenging the judgment of the court of appeals followed.

## II. ARGUMENTS

Appellant first points out that he appealed only his conviction for criminal mischief with pecuniary loss greater than $200,000, and not his conviction for arson. As a result, Appellant asserts, although the court of appeals rendered an acquittal on the criminal-mischief conviction, he will remain in prison to discharge his ten-year sentence, regardless of the outcome of the State's appeal. Next, with respect to the merits of the two grounds granted for review, Appellant argues that the property owner gave equivocal testimony, at best, when he stated that the amount of loss was "somewhere around $400,000, I believe, is what [the insurance company] considered the loss." Moreover, Appellant asserts, the State realized its error and called a fire marshal to the stand to prove pecuniary loss, but the judge excluded that testimony from that witness. Appellant also argues that, without additional evidence, a property owner's bare estimate of the cost of repairs "without further evidence" is insufficient to support the amount of pecuniary loss. *See Elomary v. State*, 796 S.W.2d 191 (Tex. Crim. App. 1990).

The State argues that the court of appeals ignored record evidence sufficient to sustain Appellant's conviction under either a destruction or damage theory of the case. Addressing the damage theory of the case first, the State asserts that the "damage theory" was proven through the unobjected-to testimony of the property owner that his insurance

company paid him approximately $400,000 for his insured losses. Further, the State

argues that this was sufficient to prove the cost of repair because, "a property owner can

establish the value of the cost of repairs through testimony about . . . insurance claims."

*See Elomary*, 796 S.W.2d at 193; *English v. State*, 171 S.W.3d 625, 629 (Tex.

App.—Houston [14th Dist.] 2005, no pet.).

Addressing the State's theory that Appellant "destroyed" the owner's property

(rather than damaged it), the State argues that it offered sufficient evidence of both the

cost of replacing the property and the fair market value of the destroyed property, which it

asserts are both acceptable measures for proving pecuniary loss in a criminal-mischief

case. With respect to the cost to replace the property, the State argues that the property

owner's testimony that it would cost approximately $1,000,000 to replace the Arby's was

sufficient to prove replacement costs because,

> When an owner testifies, the presumption must be . . . that the owner is
> testifying to an estimation of the fair market value. Certainly the owner may
> reasonably be understood to be testifying as to the fair market value of the
> property either in terms of the purchase price or the cost to him of replacing
> the stolen property.

*Sullivan v. State*, 701 S.W.2d 905, 909 (Tex. Crim. App. 1986). Relying on an opinion of

a court of appeals, the State asserts that proof of the fair market value of the property at

the time and place of destruction was adduced when the property owner testified that he

received approximately $400,000 from his insurance carrier for his losses. *See Jimenez v.*

*State*, 67 S.W.3d 493, 506 (Tex. App.—Corpus Christi 2002, pet. ref'd) (holding that the

amount an insurance company pays on a claim is legally sufficient to prove fair market value).[2] Thus, the State argues that the court of appeals's conclusion was incorrect that there was insufficient evidence to support Appellant's conviction for criminal mischief with pecuniary loss over $200,000.

### III. LAW

A person commits criminal mischief by damage or destruction if he intentionally or knowingly damages or destroys the tangible property of an owner without the owner's consent. TEX. PENAL CODE § 28.03(a)(1). The amount of pecuniary loss to the owner determines the degree of the offense. *Holz*, 320 S.W.3d at 345. If the property is destroyed, the pecuniary loss is either "the fair market value of the property at the time and place of the destruction" or, "if the fair market value of the property cannot be ascertained, the cost of replacing the property within a reasonable time after the destruction." TEX. PENAL CODE § 28.06(a)(1)–(2).  If the property is damaged, the pecuniary loss is "the cost of repairing or restoring the damaged property within a reasonable time after the damage occurred." *Id.* § 28.06(b).

With respect to criminal mischief by destruction, an owner's testimony estimating the value of the property is generally sufficient evidence of the fair market value of the property in terms of the cost to replace the property, even without a specific statement as

---

[2]The State cites two other unpublished cases for precedential value. However, under Rule 47.7 of the Texas Rules of Appellate Procedure, although unpublished cases may be cited, they have no precedential value. *See* TEX. R. APP. P. 47.7. As a result, we do not consider the two cases cited by the State.

to the cost of replacement. *Sullivan*, 701 S.W.2d at 909. With respect to criminal mischief by damage, we have held that an insurance adjuster's testimony about payment to the owner is sufficient to prove the cost of repair. *See Elomary*, 796 S.W.2d at 194; *see also English*, 171 S.W.3d at 629. And in *Holz*, we clarified that an unsupported lay opinion as to the value of damage is insufficient to prove the cost of repair, but the State need not present expert testimony to prove the cost of repairing the property.

In *Holz*, the appellant was charged with criminal mischief for the damage or destruction of a mobile home (by dog invasion).[3] *Holz*, 320 S.W.3d at 345. At trial, the State pursued the damage claim and waived the destruction claim. The owner of the mobile home testified that he obtained an estimate to replace all of the carpet in the mobile home for $2,100, but the appellant's testimony indicated that it would cost $180 to replace only the damaged carpet in the mobile home. *Id.* at 346–47. The owner agreed that "he did not attempt to ascertain the cost or feasibility of cleaning the carpet rather than replacing it[.]" *Id.* The charge instructed the jury that, if the pecuniary loss was less than $1,500 and greater than $500, the appellant was guilty of the lesser-included offense of misdemeanor criminal mischief and not a state-jail felony. *Id.* The jury convicted the appellant on the lesser-included offense. *Id.*

The court in *Holz* concluded that the property owner was the sole source of evidence with respect to pecuniary loss, and that that evidence was limited to his estimate

---

[3]The appellant destroyed the house "by allowing approximately 86 dogs to live, urinate, and defecate in the house over a period of months." *Holz,* 320 S.W.3d at 345 n.3.

from the carpet company that it would cost $2,100 to replace all of the carpet in the mobile home. *Id.* at 347. Citing *English*, the court of appeals held that the owner's "estimate of damage or an opinion on the amount of damage without further evidence is insufficient to prove the cost of repair." *Holz v. State*, No. 06-08-00225-CR, 2009 WL 3097253 (Tex. App.—Texarkana Sept. 30, 2009) (mem. op.) (not designated for publication), *vacated*, 320 S.W.3d 344 (Tex. Crim. App. 2010). However, we reversed and remanded the case after we clarified our decision in *Elomary* and noted that *Elomary* "simply affirms the unremarkable proposition that an unsupported lay opinion as to damage, without more, will be insufficient to prove cost of repair. *Elomary* does not hold that the State must present expert testimony to prove cost of repair." *Holz*, 320 S.W.3d at 350 (footnote omitted).

## IV. ANALYSIS

### A. The evidence at trial was sufficient to sustain Appellant's criminal-mischief conviction under either a damage or destruction theory of the crime.

#### 1. Criminal mischief by damage

With respect to criminal mischief by damage, the court of appeals relied on a single case for support that, at least in part, it appears to have misinterpreted. *See Holz*, 320 S.W.3d at 344. In *Holz*, we held that the State need not present expert testimony at trial to prove the cost of repair in a criminal mischief by damage case. *See id.* at 345. In reaching that conclusion, we clarified a holding from another case from this Court, *Elomary*, in which we stated,

> [I]f . . . an individual . . . is not competent to give an expert opinion as to repair costs, but is merely giving his "off-the-wall" lay opinion, . . . "an estimate of damage or an opinion on the amount of damage *without further evidence* is insufficient to prove the cost of repairs as required by sec. 28.06(b) of the Texas Penal Code."[4]

*Elomary*, 796 S.W.2d at 193 (emphasis in original) (quoting *Sebree v. State*, 695 S.W.2d 303, 305 (Tex. App.—Houston [1st Dist.] 1985, no pet.)). The court of appeals used the quoted passage to conclude that the property owner's lay testimony regarding damage was "insufficient to prove the cost of repair in a criminal mischief trial." *Campbell*, 2013 WL 2146444, at *1. While it is true that we have held that a witnesses's lay, "off the wall" opinion as to damages is not sufficient to prove the cost of repair, the property owner's testimony at trial did not amount to a lay, "off the wall" opinion. To the contrary, the property owner testified, without objection, as to what *his insurance company paid him*—approximately $400,000—not his lay opinion as to the value of the damage caused to his property. And in *Elomary*, a case not relied upon by the court of appeals, we held that the testimony of an insurance adjuster regarding the amount of an insurance company's payment to the owner for its loss is sufficient to prove the cost of repair. *See Elomary*, 796 S.W.2d at 194. Thus, the property owner's unobjected-to hearsay testimony regarding the payment from his insurance supplied the critical piece of evidence necessary to elevate the owner's testimony from a mere lay, "off the wall" opinion as to

---

[4]The court of appeals cited the passage as it was quoted from our opinion in *Holz*. Thus, it appears that the court of appeals relied on only *Holz* to reach its conclusion that the evidence was insufficient to support the jury's verdict.

damages to the type of evidence that we have held is sufficient to prove the cost of repairs and, thereby, pecuniary loss. *Id.*

## 2. Criminal mischief by destruction

With respect to criminal mischief by destruction, the court of appeals cited only the statutory definition for destruction before concluding that "[n]o evidence was presented regarding the fair market value of the property or the cost of replacing the property if destroyed . . . ." *Campbell*, 2013 WL 2146444, at *1 (citing TEX. PENAL CODE § 28.06(a)). However, the court of appeals failed to acknowledge *Sullivan*, 701 S.W.2d at 909, in which we held that we presume that an owner's testimony estimating the value of his property is either estimating the purchase price of the property or the cost to replace the property in terms of the fair market value, even though the owner may not use the specific terms "market value," "replacement value," or "purchase price." *Id.*

Applying *Sullivan*, when the property owner testified that it would cost approximately $1,000,000 "to build most fast food restaurants," and that, he wanted to build another Arby's but Arby's thought that "it was too risky for them," the owner's opinion of the fair market value to replace the property at the time of destruction was sufficient, if the jury in fact believed that the property was destroyed. *See id.* And if the jury charge authorizes the jury "to convict the defendant on more than one theory, as it did in this case, the verdict of guilt will be upheld if the evidence was sufficient on any theory authorized by the jury charge." *Anderson v. State*, 416 S.W.3d 884, 889 (Tex.

Crim. App. 2013) (citing *Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004)).

## V. CONCLUSION

We hold that the evidence adduced at trial was sufficient to prove pecuniary loss greater than $200,000 by damage or destruction, and we reverse the judgment of the court of appeals and reinstate the judgment of the trial court.

Hervey, J.

Delivered: April 16, 2014

Publish