**MODIFY and AFFIRM; and Opinion Filed May 14, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00525-CR

**MARK JOHN THEDE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-82447-2012**

## MEMORANDUM OPINION
Before Justices Lang, Stoddart, and Schenck
Opinion by Justice Schenck

A jury found appellant Mark John Thede guilty of the offense of criminal mischief. The trial court sentenced appellant to confinement in the State Jail Division of the Texas Department of Criminal Justice for twenty-two months, and ordered him to pay restitution in the amount of $2,300. In two issues on appeal, appellant challenges the sufficiency of the evidence to support his conviction and requests that the judgment be modified to correctly reflect the punishment assessed. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We modify the trial court's judgment to correctly reflect the punishment assessed and affirm the trial court's judgment as modified.

On July 8, 2012, Karla Yon, Matthew Yon, and their three children were having lunch at Joe's Crab Shack. Ms. Yon left the restaurant first and waited for the rest of her family in the family's SUV parked in the restaurant's parking lot. A few minutes after getting into the family

SUV, Ms. Yon heard a woman screaming. As Ms. Yon watched, she saw a woman get out of the driver's seat of a car and a man get out of the front passenger seat of the same car. The couple continued arguing, and then the man (appellant) walked away from the woman in the direction of the Yons' SUV. At this point, Ms. Yon saw her husband and children coming out of the restaurant and walking toward the family SUV. Ms. Yon got out of the SUV to assist her husband with the children. Ms. Yon helped her son get into the back seat on the passenger side of the SUV; her husband and daughters were on the other side of the SUV. Appellant approached Ms. Yon, asked her for a lighter, and she responded that she did not have one. As Ms. Yon got into the SUV and began closing her door, appellant threw open Ms. Yon's door, began yelling and cursing at her, accused her of lying, and demanded that she give him a lighter. Ms. Yon yelled for her husband to help her, and Matthew Yon came around to the passenger side of the SUV to assist his wife.

Mr. Yon testified that appellant kept demanding a lighter, even after Mr. Yon told him they did not have a lighter to give him. As Mr. Yon and appellant began arguing, Ms. Yon called the police. Appellant hit or kicked the "to go" container out of Mr. Yon's hands and tried to punch Mr. Yon. Appellant also hit the SUV windows and kicked the side of the Yon's vehicle several times. Finally appellant stopped trying to fight and just walked away. The police arrived on-scene to investigate, took photographs of the Yon's vehicle, and took written statements from the Yons and other witnesses. Officer Matthew Eadler, a patrol officer for the Plano Police Department, testified that he was one of the officers dispatched to Joe's Crab Shack in response to several 911 calls. Upon arriving at the scene, he located appellant walking between Joe's Crab Shack and Duke's Roadhouse and arrested him for public intoxication. After officers obtained statements from witnesses at the scene, they added the charge of criminal mischief to the reason for appellant's arrest.

Ms. Yon testified there were at least three dents in the side of the vehicle that were not there prior to appellant kicking their SUV. The Yons filed a claim with their insurance company; the estimate for body damage to the vehicle was $2,204.20.

Appellant was charged with the offense of criminal mischief. A jury found appellant guilty as charged. The trial court sentenced him to twenty-two months' confinement in the state jail, and ordered him to pay restitution in the amount of $2,300. This appeal followed.

**MODIFICATION OF JUDGMENT**

In his first issue, appellant contends the punishment assessed is stated incorrectly on the judgment. The reporter's record reflects that the sentence imposed at trial was twenty-two months in state jail. The judgment, however, states appellant's punishment as follows: "TWENTY TWO (22) MONTHS STATE JAIL DIVISION, TDCJ; ONE HUNDRED AND EIGHTY (180) DAYS CONFINEMENT IN THE COLLIN COUNTY JAIL AFTER STATE JAIL SENTENCE IS COMPLETE."

The jury trial in this case began on February 10, 2014. According to the record, appellant left the courtroom during the trial and did not return. The trial court revoked appellant's bond and issued a warrant for his arrest; however, appellant did not return and the trial proceeded in his absence. Appellant was ultimately located, and on March 7, 2014, he was brought before the trial court for sentencing. In addition to sentencing appellant, the trial court charged appellant with two counts of contempt and gave him notice of a show cause hearing with respect to the contempt charges. At the show cause hearing on March 17, 2014, the trial court found appellant guilty of contempt for "failure to remain in attendance at his trial before a jury in this cause" and for "leaving the courthouse during a break in the proceedings in this cause, when he was under an obligation to make his appearance at all times during said proceedings herein." The trial court assessed punishment at 180 days' confinement in the Collin County Jail on each contempt

charge. The trial court stated that the 180-day sentences for contempt were to run concurrently with one another, but consecutively with the twenty-two month state jail sentence for criminal mischief. The contempt proceedings were collateral to appellant's trial for criminal mischief and are not before this Court on appeal.[1]

On March 18, 2014, the trial court filed its judgment reflecting that the offense for which appellant was convicted was criminal mischief over $1,500. However, the judgment provision that describes punishment and place of confinement combines the sentences for the two counts of contempt and the sentence for appellant's conviction for criminal mischief as though all three are one sentence arising solely out of the criminal mischief charge. The State agrees that the judgment in this case should be modified to reflect that appellant's sentence for criminal mischief is confinement in the state jail for twenty-two months. This Court has the power to correct and reform an incorrect judgment to make the record speak the truth when it has the necessary data and information to do so. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, writ ref'd); *see also* TEX. R. APP. P. 43.2(b). Accordingly, we modify the judgment provision that describes punishment and place of confinement to state: "TWENTY TWO (22) MONTHS STATE JAIL DIVISION, TDCJ," and delete the following language: "ONE HUNDRED AND EIGHTY (180) DAYS CONFINEMENT IN THE COLLIN COUNTY JAIL AFTER STATE JAIL SENTENCE IS COMPLETE." We sustain appellant's first issue.

### CRIMINAL MISCHIEF

In his second issue, appellant contends the evidence was insufficient to support his conviction for criminal mischief since the State only presented evidence of the fair market value

---

[1] The contempt charges are separate from appellant's conviction for criminal mischief and are not before us on appeal; accordingly, we express no opinion with respect to the two charges of contempt and the sentences thereon.

of destroyed property, which included damages not caused by appellant, and did not present evidence to show the cost to repair only the damages caused by appellant.

*Standard of Review*

We review the sufficiency of the evidence under the standard set out in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Matlock v. State*, 392 S.W.3d 662, 667 (Tex. Crim. App. 2013). We examine all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Matlock*, 392 S.W.3d at 667. This standard recognizes "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S.at 319; *see also Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011). The trier of fact is the sole judge of the witnesses' credibility and the weight to be given their testimony, and is free to accept or reject any or all evidence presented by either side. *See Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008).

*Applicable Law*

A person commits the offense of criminal mischief if he intentionally or knowingly damages or destroys another person's tangible property without that person's consent. TEX. PENAL CODE ANN. § 28.03(a)(1) (West 2011). The amount of pecuniary loss to the owner determines the degree of the offense. *See Campbell v. State*, 426 S.W.3d 780, 784 (Tex. Crim. App. 2014); *Elomary v. State*, 796 S.W.2d 191, 193 (Tex. Crim. App. 1990). When pecuniary loss is more than $1,500, but less than $20,000, as charged in the information here, the offense is a state jail felony. TEX. PENAL CODE ANN. § 28.03(b)(4).

If the property is destroyed, the pecuniary loss is either "the fair market value of the property at the time and place of the destruction" or, "if the fair market value of the property

cannot be ascertained, the cost of replacing the property within a reasonable time after the destruction." TEX. PENAL CODE ANN. § 28.06(a)(1)–(2) (West 2011). If the property is not destroyed but is merely damaged, the pecuniary loss is "the cost of repairing or restoring the damaged property within a reasonable time after the damage occurred." *Id*. § 28.06(b). An owner's testimony regarding an estimate of the damage, without more, is not sufficient to establish the cost of repair. *See Miller v. State*, 343 S.W.3d 499, 502 (Tex. App.—Waco 2011, pet. ref'd); *Sebree v. State*, 695 S.W.2d 303, 305 (Tex. App.—Houston [1st Dist.] 1985, no writ). However, an insurance adjuster's testimony concerning payment to the owner is sufficient to prove the cost of repair. *See Campbell*, 426 S.W.3d at 784; *Elomary*, 796 S.W.2d at 194; *see also English v. State*, 171 S.W.3d 625, 629 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (insurance adjuster's expert testimony concerning estimate enough to establish fair market value of repair cost to satisfy section 28.06(b)).

*Analysis*

Appellant argues the evidence was insufficient to support his conviction for criminal mischief since the State only presented evidence of the fair market value of destroyed property and did not present evidence to show the cost to repair only the portion of the damages caused by appellant. We disagree. Jennifer Smith, the Travelers Insurance claims adjuster who worked with the Yons, testified that her insurance appraiser took photos of the vehicle and prepared an evaluation and estimate of the damage to the vehicle. She also reviewed the police report and spoke with the Yons and appellant about the incident. Ms. Smith confirmed that the photos and evaluation indicate there were three dents in the side of the vehicle. Further, her appraiser reported there was no prior damage to that area of the vehicle. She testified that the cost to repair the body damage to the vehicle and restore the vehicle to its previous condition was $2,204.20.

Ms. Smith testified that the Yons had a $500 deductible on their insurance coverage so Travelers Insurance paid the Yons $2,204.20 minus the $500 deductible.

Ms. Smith testified that during the investigation, Travelers Insurance learned that the vehicle also had transmission damage. Ms. Smith testified that the appraiser and the repair shop concluded that the transmission damage was a result of appellant kicking the side of the vehicle. As Mr. Yon put the vehicle into reverse to try to get away from appellant, there was damage to the transmission. No estimate was provided regarding the additional cost of repairing or replacing the transmission. The vehicle was a 2000 Ford Explorer with 186,624 miles at the time of the incident. After considering the vehicle's age and mileage, Travelers Insurance determined that the cost of repairs would exceed the cash value of the vehicle, so Travelers Insurance made the decision to total the vehicle. Ms. Smith testified that the fair market value of the vehicle was $3,409. She stated that this valuation did not include the cost to repair the body damage caused by appellant kicking the vehicle or the cost to repair the transmission.

The jury heard testimony from several witnesses regarding the pre-existing condition of the vehicle and the damage to the body of the vehicle caused by appellant. Ms. Yon testified that she saw appellant hit the vehicle once and kick it at least twice. She saw at least three new dents along the side of the vehicle. Mr. Yon testified that he saw appellant kick the vehicle multiple times. When appellant began to walk away, Mr. Yon got in the SUV to leave. When he tried to put the vehicle into reverse, there was something wrong with the engine that had never occurred before. When Mr. Yon reported the incident to Travelers Insurance, he identified which dents were caused by appellant; he also identified pre-existing body damage to the vehicle. Mr. Yon testified that he did not think appellant's kicking the vehicle caused the transmission problem; however, he stated the transmission worked just fine prior to the incident. Mr. Yon testified that once Travelers Insurance totaled the vehicle, he opted to keep the SUV. The insurance company

–7–

paid him the cost of the body damage repair less his deductible, and Mr. Yon sold the vehicle on Craig's List for five or six hundred dollars. At the time Mr. Yon sold the vehicle, it would drive forward but would not drive in reverse.

The jury saw photographs and heard the Yons' testimony regarding the pre-existing condition of the vehicle and the damage caused by appellant. The jury also heard the testimony of the insurance adjuster regarding the cost of repairing the body damage to the vehicle and the amount paid by the insurance company to the Yons. *See Campbell*, 426 S.W.3d at 784; *Elomary*, 796 S.W.2d at 194. Considering the evidence in the light most favorable to the verdict, we conclude the jury could have found the pecuniary loss suffered as a result of appellant's actions was $1,500 or more but less than $20,000. *See* Tex. Penal Code Ann. § 28.03(b)(4); *see also Matlock*, 392 S.W.3d at 667. Consequently, we conclude the evidence was sufficient to support appellant's conviction for criminal mischief as charged. We overrule appellant's second issue.

## CONCLUSION

Based upon our conclusions above, we modify the trial court's judgment to reflect that appellant's sentence for the charge of criminal mischief is confinement in the Texas Department of Criminal Justice, State Jail Division, for twenty-two months, and we affirm the trial court's judgment as modified.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

Do Not Publish
Tex. R. App. P. 47

140525F.U05

–8–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARK JOHN THEDE, Appellant

No. 05-14-00525-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 296th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 296-82447-2012.
Opinion delivered by Justice Schenck.
Justices Lang and Stoddart participating.

       Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to delete the following language: "ONE HUNDRED AND EIGHTY (180) DAYS CONFINEMENT IN THE COLLIN COUNTY JAIL AFTER STATE JAIL SENTENCE IS COMPLETE."

       As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 14th day of May, 2015.