**Affirmed and Opinion Filed June 6, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00995-CR

### RONNIE OGENE MASSEY, JR., Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 4**
**Collin County, Texas**
**Trial Court Cause No. 004-85841-2014**

## MEMORANDUM OPINION

Before Justices Myers, Stoddart, and Whitehill
Opinion by Justice Whitehill

While evading the police, appellant tried to squeeze through a metal fence and damaged the bars. He now appeals his conviction for criminal mischief in an amount more than $50 but less than $500, arguing that there is insufficient evidence that he damaged the fence or that the damage was more than $50.

As discussed below, we affirm the trial court's judgment because (i) the evidence was sufficient to establish that appellant in fact bent the fence bars, (ii) his intent to do so may be inferred from his conduct, and (iii) the lay opinion testimony concerning the repair cost was admitted without objection.

# I. Background

McKinney police officers Johnny Wade and Mitch Jenkins were called to do a welfare check at a hospital. Appellant's wife had taken him to the hospital for a mental evaluation, but appellant left the hospital.

The officers found appellant at a car dealership near the hospital. Officer Wade called out for appellant to stop, but appellant ducked between cars in the lot. Officer Wade finally found appellant trying to squeeze through a hole in a wrought iron fence by pulling the bars apart.

The dealership's manager, Joe Schmidt, testified that the damaged fence was at the employee parking lot and no one had previously reported it damaged. Schmidt also testified about a local fence company's estimate that it would cost $337.89 to repair the fence.

# II. Analysis

## A. Standard of review and applicable law

We review a sufficiency of the evidence issue under the standard of review stated in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Although we consider all evidence presented at trial, we do not reevaluate the weight and credibility of the evidence or substitute our judgment for that of the fact finder. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). When the record supports conflicting inferences, a reviewing court must presume that the fact finder resolved the conflicts in the State's favor and defer to that determination. *Id.*

A person commits criminal mischief as alleged in this case if, without the effective consent of the owner, he intentionally or knowingly damages or destroys the tangible property of the owner. TEX. PENAL CODE ANN. § 28.03 (a)(1).

**B.      First Issue:    Is the evidence sufficient to establish that appellant damaged the fence knowingly or intentionally?**

Appellant's first issue asserts that there is insufficient evidence that he damaged the fence because Schmidt had no knowledge of the fence's prior condition and no one saw appellant bend the rails. Appellant further argues that even if he caused the bars to bend, there is no evidence that he intentionally or recklessly caused the damage.

Contrary to appellant's arguments, Officer Wade testified that he saw appellant pulling the fence bars apart as he tried to get through:

Q. Okay. After you shouted out at him, what, if anything, happened?

A. He ducked back behind some cars. And at that time, I drew my weapon because I didn't know if he was armed and I thought he was a danger to myself. And I continued towards the fence line looking around the vehicles, and when I got at the metal fence is when I saw him at the end of the fence trying to squeeze through the fence line.

Q. Okay. Can you describe to the jury exactly what it is that you saw as you came to that fence?

A. He was in between two of the railings. Half of his body -- he was stuck, and he was trying to shimmy himself through when I saw him, and that's when I radioed that he was trying to go through the fence to other officers. We had a bunch of officers in the area.

Q. Okay. Where were his hands at that point in time?

A. Just trying to squeeze through. He was trying to get his body through --

Q. Okay.

A. -- pulling on the bars trying to get through because he was stuck.

On cross examination, the officer was asked whether he actually saw appellant push the metal fence bars apart, and he confirmed that he had.

Moreover, Schmidt testified that he never had issues with the fence before, and had never seen the fence bars bent. After the incident, he discovered that the bars could be bent by hand because the bars are hollow.

From the above evidence, the jury could reasonably have concluded that appellant damaged the fence when he pulled the bars apart as he attempted to wriggle through them.

The jury could also infer from appellant's conduct that he acted knowingly or intentionally. *See Patrick v. State*, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995) (defendant's intent may be inferred from his words, acts, or conduct). Thus, testimony that appellant was pulling on the fence bars trying to fit through a small hole is sufficient to establish that he knowingly or intentionally damaged the fence.

For the above reasons, we resolve appellant's first issue against him.

## C.     Second Issue: Is the lay evidence sufficient to establish the repair costs?

Appellant's second issue argues that the evidence is insufficient to prove the repair costs because Schmidt was not an expert and he relied on hearsay. The evidence about which appellant complains, however, was admitted without objection.

When conducting a legal sufficiency review, we consider all evidence, regardless of whether it was admissible. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013). Thus, inadmissible hearsay admitted without objection is not denied probative value merely because it is hearsay. *Chambers v. State*, 711 S.W.2d 240, 247 (Tex. Crim. App. 1986). Instead, it is treated like other evidence in that it is capable of sustaining a verdict. *Maloy v. State*, 990 S.W.2d 442, 445–446 (Tex. App.—Waco 1999, no pet.).

Here, Schmidt testified that a fence company provided him with an estimate, and based on that estimate, it would cost $337.89 to repair the fence. Therefore, Schmidt's lay opinion was

not unsupported or "off the wall" and thus was sufficient to establish the cost of repair. *See Campbell v. State*, 426 S.W.3d 780, 786 (Tex. Crim. App. 2014).

We thus resolve appellant's second issue against him.

### III.    Conclusion

Having resolved all of appellant's issues against him, we affirm the trial court's judgment.

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
150995F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RONNIE OGENE MASSEY, JR., Appellant

No. 05-15-00995-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 4, Collin County, Texas
Trial Court Cause No. 004-85841-2014.
Opinion delivered by Justice Whitehill.
Justices Myers and Stoddart participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered June 6, 2016.