**Opinion filed May 16, 2024**



# In The

# Eleventh Court of Appeals

_____

## No. 11-22-00187-CR

_____

## HECTOR HARO, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 350th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 15208-D**

## M E M O R A N D U M   O P I N I O N

The jury convicted Appellant, Hector Haro, of criminal mischief and assessed his punishment at confinement for twenty-one months in the State Jail Division of the Texas Department of Criminal Justice and a fine of $5,000. *See* TEX. PENAL CODE ANN. § 28.03(a), (b)(4)(A) (West Supp. 2023). In a single issue, Appellant challenges the sufficiency of the evidence supporting his conviction. We affirm.

*Background Facts*

The indictment alleged that, on three occasions, Appellant intentionally or knowingly damaged or destroyed tangible property in the form of glass windows and doors owned by Taylor County. The indictment alleged that the three occasions occurred on or about April 2, 2019, December 21, 2020, and January 9, 2021. The indictment further alleged that Appellant damaged or destroyed the property pursuant to one scheme or continuing course of conduct and that the aggregate amount of the pecuniary loss was between $2,500 and $30,000. *See id.* § 28.03(b)(4)(A), (e).

Sergeant Kevin Henry is the staff investigator at the Taylor County Jail. He is also the custodian of records for the jail. Sergeant Henry testified that on April 2, 2019, when he was working at the jail, he came into contact with Appellant as he was trying to turn himself in at the jail. Sergeant Henry left Appellant in the lobby in the jail after telling him to call the booking department. Sergeant Henry was soon alerted to return to the lobby of the jail when he heard a secretary scream "he's got a hammer!" Sergeant Henry also heard several loud thuds. He discovered that Appellant had "busted out" several windows and glass doors in the lobby of the jail. Sergeant Henry testified that the county hired Binswanger Glass to repair the damage that Appellant caused during this incident. He further testified that Binswanger charged the county $1,306.43 to repair the damage that Appellant caused on April 2, 2019.

Sergeant Henry also testified about a second incident with Appellant at the Taylor County Jail on December 21, 2020. Sergeant Henry was alerted to respond to the lobby of the jail upon which he observed "more busted glass." Another deputy was talking to Appellant in the jail lobby after taking him into custody. Appellant also used a hammer on this occasion to damage windows in the jail lobby. Sergeant

Henry testified that the county hired Binswanger again to repair the damage from the second occasion and that Binswanger charged $1,775 to repair the damage.

Finally, Sergeant Henry addressed the third incident that occurred on January 10, 2021, where Appellant damaged windows in the lobby of the jail. Sergeant Henry testified that Binswanger charged the County $371.89[1] for the damage caused by Appellant on this third occasion.

*Analysis*

In a single issue, Appellant challenges the sufficiency of the evidence supporting his conviction for aggregate criminal mischief. Appellant's evidentiary challenge focuses on the evidentiary support for pecuniary loss for the damage that he is alleged to have caused. Specifically, Appellant challenges the evidence of the damage caused by the incident that occurred on April 2, 2019. Appellant contends that the purported invoice for the damage caused on this occasion actually bore a date of February 13, 2019, and that, therefore, it could not have been for damage caused on April 2, 2019.

We review a challenge to the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

---

[1]The printed repair invoice shows that the actual cost of the repair for the third incident to be $379.89. The $8 discrepancy between the printed repair invoice and Sergeant Henry's trial testimony is of no consequence in this appeal.

When conducting a sufficiency review, we consider all the evidence admitted at trial, including pieces of evidence that may have been improperly admitted. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We defer to the factfinder's role as the sole judge of the witnesses' credibility and the weight witness testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778. When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict and defer to that determination. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

A person commits criminal mischief if "without the effective consent of the owner . . . he intentionally or knowingly damages or destroys the tangible property of the owner." PENAL § 28.03(a)(1). "The amount of pecuniary loss to the owner determines the degree of the offense." *Campbell v. State*, 426 S.W.3d 780, 784 (Tex. Crim. App. 2014) (citing *Holz v. State*, 320 S.W.3d 344, 345 (Tex. Crim. App. 2010)). The offense of criminal mischief is a state jail felony if the amount of the pecuniary loss is $2,500 or more but less than $30,000. PENAL § 28.03(b)(4)(A). Further,

> [w]hen more than one item of tangible property . . . is damaged, destroyed, or tampered with in violation of this section pursuant to one scheme or continuing course of conduct, the conduct may be considered as one offense, and the amounts of pecuniary loss to property resulting from the damage to, destruction of, or tampering with the property may be aggregated in determining the grade of the offense.

4

*Id*. § 28.03(e).[2] As applied to the facts in this case, the State needed to establish that Taylor County sustained a pecuniary loss for the first incident that was at least $345.11. *See id*. § 28.03(b)(4)(A).

As noted by Appellant, the date discrepancy on the invoice for the April 2, 2019 incident was not addressed at trial. Instead, the date discrepancy is a matter that was apparently discovered by appellate counsel. Irrespective of the date discrepancy on the invoice, we conclude that the evidence was sufficient to support Appellant's conviction for criminal mischief as alleged.

With respect to the first incident, when Appellant damaged windows and doors at the Taylor County Jail on April 2, 2019, the State presented Sergeant Henry with State's Exhibit No. 2, the invoice that bears the date discrepancy. When asked to identify the document, Sergeant Henry responded: "[t]his is the bill that we received for the repairs on the glass door, or the glass." Sergeant Henry further testified that $1,306.43 was "the amount that the County had to pay to get that fixed" in reference to the damage that Appellant caused on April 2, 2019. Sergeant Henry further testified that there was a stamp on the invoice that indicated that it had been approved for payment. One stamp on the invoice indicated that it was "received" on April 25, 2019, and another stamp indicated that it was approved for payment on April 26, 2019.

To the extent that there was a discrepancy between the date printed on the invoice and Sergeant Henry's oral testimony, we presume that the jury resolved the discrepancy in favor of the verdict, and we defer to that determination. *See Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778. "We may not re-weigh the evidence or substitute our judgment for that of the factfinder." *Zuniga v. State*, 551 S.W.3d

---

[2]Appellant's trial counsel asserted during closing argument that, because of the time gap of several months between the first and second incidents, Appellant's actions were not a part of a continuing course of conduct.

729, 732 (Tex. Crim. App. 2018) (citing *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007)). Sergeant Henry's oral testimony that the county paid $1,306.43 to repair the damage that Appellant caused on April 2, 2019, coupled with his testimony that the challenged invoice coincided with the damage caused by Appellant on that date, was sufficient to support the jury's implicit determination that the county incurred a cost of at least $345.11 to repair the damage that Appellant caused on April 2, 2019.[3] We overrule Appellant's sole issue on appeal.

*This Court's Ruling*

We affirm the judgment of the trial court.

JOHN M. BAILEY
CHIEF JUSTICE

May 16, 2024

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[3]The State offered into evidence photographs of the damage that Appellant caused on April 2, 2019. These photographs show that Appellant broke out at least four glass panels on the doors of the jail lobby. This damage was comparable to the damage Appellant caused on December 21, 2020, the repair of which cost the county $1,775.