**Opinion issued December 9, 2025**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-00140-CR

_____

**CHIP ARDIE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 239th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 89591-CR**

---

## MEMORANDUM OPINION

Chip Ardie was convicted by a jury of criminal mischief for destroying his rancher neighbor's fence. *See* TEX. PENAL CODE §§ 28.03(a); 28.03(b)(4)(C). On appeal, he contends that the evidence is legally insufficient to support his conviction. We affirm.

## Background

At trial, complainant Thomas Willadson, a farmer and rancher in Brazoria County, testified that he purchased land adjacent to Ardie's property in 2009. He sent Ardie a letter informing him of planned fence construction between their properties. Although Ardie did not respond to the letter, Willadson said Ardie became loud and aggressive whenever Willadson neared the property line. Ardie threatened Willadson multiple times. Willadson avoided that area of his property.

Willadson hired a surveyor to delineate the property line, which took multiple tries because Ardie repeatedly removed the surveying stakes. In 2013, Willadson sued Ardie to obtain a civil judgment delineating the property line. The case was pending until 2015. Although he was served, Ardie never appeared in the suit.

In July 2015, the trial court issued a judgment clarifying the property line, and Willadson built the fence. He testified that the purpose of the fence was to retain his cattle. Nothing happened between Willadson and Ardie for five years. In 2020, the fence mysteriously disappeared. Willadson called the sheriff's department and reported the missing fence. When the sheriff responded, Ardie admitted to tearing it down.

Willadson testified as to the cost to build the fence. He testified that as a rancher, he can do the project himself, which means construction costs are a

2

fraction of the cost of hiring a company. The court admitted Willadson's statement of costs, written in February 2020 when the fence was destroyed, for barbed wire, 6-inch round posts, 9-inch round posts, his own labor, a farm hand's labor, and the cost of hiring an off-duty officer to stand guard during construction. The total was about $725. Willadson also testified that a fencing company estimated the cost to replace the fence at $4,186. The court admitted the quote from the fencing company into evidence.

Brazoria County Sheriff's Deputy J. Lambert testified that he responded to a call in 2020 at Willadson's address. Willadson advised him that neighbors observed Ardie on Willadson's property. Deputy Lambert spoke to the neighbors and attempted to speak with Ardie, but he was unable to do so. Deputy Lambert observed the missing fence. Deputy Lambert saw a pile of fence material on Ardie's property, including posts, barbed wire, and wood.

The next day, Deputy Lambert responded to the same area based on a call that Ardie was actively trespassing on Willadson's property. When law enforcement arrived, Ardie was clearing brush on Willadson's property and told Deputy Lambert that the land was his. Ardie admitted that he had taken the fence down and was working to clear the land. Ardie refused to stop working.

Deputy S. Bailey of the Brazoria County Sherrif's office testified that he responded to a call at Willadson's property in May 2022. He took pictures to

3

document where the fence had been. While he was taking pictures, Ardie arrived. Deputy Bailey approached Ardie, who told him that if Willadson built another fence, he would tear it down again.

The jury found Ardie guilty of state jail criminal mischief for destroying a fence used for containment of cattle valued at less than $2,500. The jury sentenced Ardie to 270 days in jail. Ardie appealed.

## Sufficiency of the Evidence

On appeal, Ardie argues that the evidence is insufficient to prove that he caused a loss between $2,500 and $30,000. He also argues that the evidence is insufficient to prove that the fence was used to contain cattle. We disagree.

### A.    Standard of Review

We review a challenge to the sufficiency of the evidence under the standard enunciated in *Jackson v. Virginia*, 443 U.S. 307 (1979). *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). We examine all the evidence in the light most favorable to the jury's verdict to determine whether any "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319; *Gutierrez v. State*, 668 S.W.3d 46, 49 (Tex. App.—Houston [1st Dist.] 2022, pet. ref'd). Our role is that of a due process safeguard, and we consider only whether the factfinder reached a rational decision. *See Morgan v. State*, 501 S.W.3d 84 89 (Tex. Crim. App. 2016) (observing that

4

reviewing court's role on appeal "is restricted to guarding against the rare occurrence when a fact finder does not act rationally") (quoting *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010)); *Malbrough v. State*, 612 S.W.3d 537, 559 (Tex. App.—Houston [1st Dist.] 2020, pet. ref'd).

In a sufficiency review, we consider the "combined and cumulative force" of the circumstances pointing toward guilt. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor," and "the standard of review on appeal is the same for both direct and circumstantial evidence cases." *Kuciemba v. State*, 310 S.W.3d 460, 462 (Tex. Crim. App. 2010) (quoting *Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004)). The trier of fact is the sole judge of the weight and credibility of the evidence. *See Zuniga v. State*, 551 S.W.3d 729, 733 (Tex. Crim. App. 2018). Thus, when performing an evidentiary sufficiency review, we may not reevaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder. *Gutierrez*, 668 S.W.3d at 50. A reviewing court, faced with a record of historical facts supporting conflicting inferences, must presume that the trier of fact resolved any such conflict in favor of the prosecution and must defer to that resolution. *Jackson*, 443 U.S. at 326. When there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. *Evans v. State*, 202 S.W.3d 158, 163 (Tex. Crim. App. 2006).

**B.** **The evidence is sufficient for the jury to reasonably determine the amount of loss under Texas Penal Code 28.03(b).**

Ardie was charged with criminal mischief. A person commits the offense of criminal mischief if he intentionally or knowingly damages or destroys another person's property without that person's consent. TEX. PENAL CODE § 28.03(a)(1). The amount of pecuniary loss to the owner ordinarily determines the degree of the offense. *Campbell v. State*, 426 S.W.3d 780, 784 (Tex. Crim. App. 2014); *see* TEX. PENAL CODE § 28.03(b)(1)–(7) (classifying criminal mischief as Class C misdemeanor through first degree felony depending on value of loss). If the property is destroyed, the pecuniary loss is either "the fair market value of the property at the time and place of the destruction" or "if the fair market value of the property cannot be ascertained, the cost of replacing the property within a reasonable time after the destruction." TEX. PENAL CODE § 28.06(a)(1)–(2).

Preliminarily, Ardie contends that the evidence is legally insufficient to prove that the loss suffered was greater than $2,500 but less than $30,000. While section 28.03(b)(4)(A) of the Penal Code states that criminal mischief is a state jail felony if the loss is between these amounts, Ardie was not charged with criminal mischief under this section. Ardie was charged with criminal mischief under section 28.03(b)(4)(C), which states that the crime is a state jail felony if the loss is less than $2,500 and the property is used to contain cattle. *Compare* TEX. PENAL CODE § 28.03(b)(4)(A) *with* TEX. PENAL CODE § 28.03(b)(4)(C). The jury

instructions charged the jury with deciding whether Ardie was guilty of criminal mischief involving loss less than $2,500 by taking down a fence used for containment of cattle. *See id.* § 28.03(b)(4)(C).

"With respect to criminal mischief by destruction, an owner's testimony estimating the value of the property is generally sufficient evidence of the fair market value of the property in terms of the cost to replace the property, even without a specific statement as to the cost of replacement." *Campbell*, 426 S.W.3d at 784. Willadson testified to the cost to replace the fence at the time it was destroyed. The court also admitted into evidence Willadson's list of supplies and labor costs. Willadson testified that he wrote the list in 2020 when the fence was removed from his property. The costs included $85 for barbwire, $108 for 4-inch round posts, $32 for 6-inch round posts, $200 for his labor in building the fence, $150 for a paid off-duty officer, and $150 for his farmhand's labor. Willadson testified that a fencing company recently quoted $4,186 to replace the 254-foot fence, and the court admitted the quote into evidence.

Willadson, as property owner, testified that it would cost approximately $725 to replace the fence at the time it was destroyed. *See Campbell*, 426 S.W.3d at 786 (holding property owner's testimony of cost to replace property at time of destruction is sufficient). The evidence adduced at trial was sufficient to prove

pecuniary loss less than $2,500 in damages in accordance with section 28.03(b)(4)(C) of the Penal Code.

**C.    The evidence is sufficient to support the jury's conclusion that the destroyed fence was used to contain cattle.**

Second, Ardie contends that the evidence was insufficient to support the jury's conclusion that the fence was used for cattle because there is no evidence that cattle were on the property at the time the fence was destroyed. *See* TEX. PENAL CODE § 28.03(b)(4)(C). Willadson testified that he is a farmer and cattle rancher. He testified that he installed a fence between his property and Ardie's property to contain his cattle. The jury is the sole judge of the weight and credibility of the evidence. *Zuniga*, 551 S.W.3d at 733. Considering the evidence in the light most favorable to the verdict, the jury could have reasonably concluded that the fence Ardie destroyed was used for containment of cattle.

## Conclusion

We overrule Ardie's appellate issue and affirm the trial court's judgment.


Susanna Dokupil
Justice

Panel consists of Chief Justice Adams and Justices Morgan and Dokupil.

Do not publish. TEX. R. APP. P. 47.2(b).