# United States Court of Appeals for the Fifth Circuit

———————

No. 25-50343
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
February 16, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Arturo Dehoyos,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:09-CR-815-1

———————————————————

Before Stewart, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Arturo Dehoyos previously pleaded guilty to possession of cocaine with intent to distribute and was sentenced to 188 months of imprisonment and five years of supervised release. His supervised release was previously revoked, and he began serving his supervised release term again in February 2023. In late 2024, his probation officer filed a report, alleging that Dehoyos

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

violated his supervised release by: (1) committing a new state crime when he damaged his sister's vehicle; and (2) failing to follow his probation officer's instructions to return a call. After hearing evidence, the district court found Dehoyos violated these conditions, revoked his supervised release, and sentenced him to 24 months of imprisonment and 36 months of supervised release. He now appeals.

First, Dehoyos argues the evidence was insufficient to support the district court's finding that he violated these supervised release conditions. This court ordinarily reviews a district court's revocation of supervised release for abuse of discretion. *United States v. Spraglin*, 418 F.3d 479, 480 (5th Cir. 2005). An abuse of discretion occurs when a decision is based on a legal error or a clearly erroneous assessment of the evidence. *United States v. Castillo*, 430 F.3d 230, 238 (5th Cir. 2005).

Although Dehoyos's sister executed an affidavit averring that Dehoyos did not damage her vehicle and testified that she did not see him damage her vehicle, the district court necessarily found her testimony was not credible in view of the other evidence. The district court's credibility finding is entitled to deference. *See United States v. Alaniz-Alaniz*, 38 F.3d 788, 791 (5th Cir. 1994). Viewing the evidence in the light most favorable to the Government, *see id.* at 792, a reasonable trier of fact could find by a preponderance of the evidence that Dehoyos violated his supervised release conditions by damaging his sister's vehicle based on the evidence presented by the Government. *See id.*; *see also United States v. Minnitt*, 617 F.3d 327, 332 (5th Cir. 2010). Concerning the second allegation, viewing the evidence in the light most favorable to the Government, a reasonable trier of fact could have found by a preponderance of the evidence that Dehoyos violated his supervised release conditions by failing to return his probation officer's call as instructed. *See Alaniz-Alaniz*, 38 F.3d at 791-92.

Although Dehoyos is correct that, under Texas law, the loss amount determines the grade of the offense and is the basis for the sentence, *see Campbell v. State*, 426 S.W.3d 780, 784 (Tex. Crim. App. 2014), the district court was not required to determine the grade of the offense or to impose a sentence under Texas law. *See id.* Rather, it was required to determine whether he violated his supervised release conditions and to impose an appropriate revocation sentence. *See Minnitt*, 617 F.3d at 332.

Next, Dehoyos argues that his sentence was procedurally unreasonable because the district court failed to consider the 18 U.S.C. § 3553(a) factors, failed to explain the sentence, improperly relied on retribution, and relied on clearly erroneous facts. Because he did not raise these arguments in the district court, review is limited to plain error. *See United States v. Cano*, 981 F.3d 422, 425 (5th Cir. 2020).

After hearing the Government's arguments concerning the nature and circumstances of the violations, Dehoyos's criminal history of violent behavior and characteristics, and the need to protect the community, as well as Dehoyos's allocution and defense counsel's arguments, the district court determined that a 24-month sentence was appropriate based on the totality of the evidence and Dehoyos's past history, and its concern about his mental health and need for treatment, all valid factors under § 3553(a). Therefore, the record indicates the district court implicitly considered the § 3553(a) factors when making its sentencing decision. *See United States v. Brooker*, 858 F.3d 983, 987 (5th Cir. 2017). The district court's reasons were based on the nature and circumstances of his supervised release violations, his history and characteristics, and his need for medical treatment. *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006). Therefore, the record indicates the district court did not commit error, plain or otherwise, by failing to adequately explain the sentence. *See id.*

Although it allowed the Government to introduce evidence concerning an assault of Dehoyos's ex-girlfriend, the district court also allowed defense counsel to call his ex-girlfriend as a witness to testify that Dehoyos did not assault her and did not make a specific finding that Dehoyos committed the assault. Dehoyos has not shown that the district court improperly based his sentence on the need for retribution or that it was a "dominant factor in the court's revocation sentence." *United States v. Rivera*, 784 F.3d 1012, 1017 (5th Cir. 2015). Furthermore, the district court did not find that Dehoyos would have assaulted his sister if she had exited her vehicle, and the record does not show that the district court relied on clearly erroneous facts.

Finally, Dehoyos argues that his sentence was substantively unreasonable. The district court considered and rejected the guidelines policy range and determined that the § 3553(a) factors required a greater sentence. It determined the sentence was warranted based on the totality of the evidence, Dehoyos's history and characteristics, and his need for mental health treatment. Dehoyos has not demonstrated that the sentence "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Foley*, 946 F.3d 681, 684 (5th Cir. 2020). Further, we have routinely affirmed revocation sentences in excess of the advisory policy range. *See United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013); *see also United States v. Whitelaw*, 580 F.3d 256, 265 (5th Cir. 2009). Because the district court made an individualized assessment of the facts and gave a reasoned justification for the sentence, Dehoyos has not shown that the revocation sentence was substantively unreasonable. *See Foley*, 946 F.3d at 684; *see also Warren*, 720 F.3d at 332.

AFFIRMED.